**FILED**
EASTERN DISTRICT ARKANSAS
U.S. DISTRICT COURT

JAN 06 2020

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

---

TWIN BROTHERS, INC.                                                    PLAINTIFF

V.                           Case No. 4: 20cv18-BSM

WINDSOR CAPITAL LP;                          This case assigned to District Judge Miller
AL RAJABI individually and in                and to Magistrate Judge Deere
his official capacity as General Partner
of Windsor Capital LP                                                   DEFENDANTS

---

## NOTICE OF REMOVAL

---

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF ARKANSAS, CENTRAL DIVISION:

Please take notice that the captioned case filed as Case No. 60CV-19-5864-6 in

the Circuit Court of Pulaski County, Arkansas, styled *Twin Brothers, Inc. v. Windsor*

*Capital LP; Al Rajabi individually and in his official capacity as General Partner [of]*

*Windsor Capital LP,* is hereby removed to the United States District Court for the Eastern

District of Arkansas, Central Division. Removing party, Windsor Capital LP, by the

undersigned attorney, respectfully shows this Court:

1.     Plaintiff, Twin Brothers, Inc., served a summons and complaint dated

August 18, 2019, on Windsor Capital LP on December 11, 2019, in connection with an

action in the Circuit Court of Pulaski County, Arkansas, and the action is now pending

therein and is styled *Twin Brothers, Inc. v. Windsor Capital LP; Al Rajabi individually and*

*in his official capacity as General Partner [of] Windsor Capital LP*, Case No. 60CV-19-

5864-6.

2.      Removal to this Court is proper under 28 U.S.C. §§ 1441(a) and 1332(a)(1) because there is complete diversity between the parties and the amount in controversy exceeds $75,000.00, excluding interest, costs, and attorneys' fees.

3.      Complete diversity of jurisdiction exists, as plaintiff is incorporated in Arkansas and has its principal place of business in Arkansas. See 28 U.S.C. § 1332(c)1. Separate defendant, Al Rajabi, maintains citizenship and domicile in Texas. Separate defendant Windsor Capital LP is a citizen of Texas for diversity purposes. Windsor Capital LP is a limited partnership with four limited partners- Sam Tufail, Mohammad Tufail, Gene Liguori Jr., and Al Rajabi- each of whom maintain citizenship and domicile in Texas. Windsor Capital, L.P. has one general partner: Windsor Capital GP, LLC. Windsor Capital GP, LLC is a limited liability company organized under the laws of Arkansas. Windsor Capital GP, LLC has two Members- Al Rajabi and Gene Liguouri, Jr.- each of whom maintain citizenship and domicile in Texas.

4.      Pursuant to 28 U.S.C. § 1446 and the unanimity requirement, counsel for co-defendant, Al Rajabi, has advised that co-defendant consents to removal.

5.      Pursuant to 28 U.S.C. § 1446(b), a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of a pleading, motion, order or other documents from which it may be ascertained that the case is one which is or has become removable.

6.      Plaintiff's summons and complaint were served on Windsor Capital LP on or after December 11, 2019. This removal is filed within 30 days of the date on which Windsor Capital LP received the pleadings. Therefore, this action is removable pursuant to 28 U.S.C. § 1446(b).

7.      Upon information and belief, the plaintiff's claims for monetary damages set the amount in controversy over $75,000.00. *See* plaintiff's complaint, attached hereto as part of **Exhibit A**.

8.      Pursuant to 28 U.S.C. § 1446(a), Windsor Capital LP has attached hereto a copy of the summons and complaint served upon Windsor Capital LP, the civil cover sheet, the summons to Al Rajabi, the affidavits of service on Al Rajabi and on Windsor Capital LP, the entry of appearance and request for notice filed by Peter R. Shults, the entry of appearance and request for notice filed by Steven Shults, and the answer of Al Rajabi as **Exhibit A**.

9.      A copy of Windsor Capital LP's answer to plaintiff's complaint, to be filed in federal district court, is attached hereto as **Exhibit B** and is incorporated herein by reference.

10.     Windsor Capital LP is filing a copy of this notice of removal with the Clerk of the Circuit Court of Pulaski County.

WHEREFORE, separate defendant, Windsor Capital LP, requests that the above-captioned action be removed from the Arkansas Circuit Court of Pulaski County to the United States District Court for the Eastern District of Arkansas, Central Division.

Respectfully submitted,

**ANDERSON, MURPHY & HOPKINS, L.L.P.**
400 West Capitol Avenue, Suite 2400
Little Rock, Arkansas  72201-4851
Telephone:    501-372-1887
Facsimile:    501-372-7706
Email:            campbell@amhfirm.com

By:_____
    JASON J. CAMPBELL
    BAR NO. 2001119

## CERTIFICATE OF SERVICE

       I hereby certify that a true and correct copy of the foregoing has been served by U.S. mail and email this ___ day of January, 2020, to:

Mr. Alex R. Burgos
Hancock Law Firm
610 East 6th Street
Little Rock, Arkansas 72202

Mr. Peter R. Shults
Mr. Steven Shults
Shults & Adams, LLP
200 West Capitol Avenue, Suite 1600
Little Rock, Arkansas 72201-3621

_____
    JASON J. CAMPBELL

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
## HON. TIM FOX - 6TH DIVISION PULASKI CIRCUIT COURT

### TWIN BROTHERS INC V WINDSOR CAPITAL LP ET AL

60CV-19-5864

### SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

WINDSOR CAPITAL LP
425 W CAPITOL, STE 1800
LITTEL ROCK, AR  72201

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint.  Within 30 days after service of this summons on you (not counting the day you received it) - or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas - you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are:

Alex Burgos
610 E. 6th St.
Little Rock, AR  72202

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

Additional notices:

Address of Clerks Office

TERRI HOLLINGSWORTH, CIRCUIT CLERK
CIRCUIT COURT OF PULASKI COUNTY
401 W. MARKHAM
LITTLE ROCK, AR  72201

CLERK OF COURT



Crystal Hill, DC

Date: 08/19/2019



No. 60CV-19-5864 This summons is for WINDSOR CAPITAL LP (name of Defendant).

## PROOF OF SERVICE

❑ On _____ [date] I personally delivered the summons and complaint to the individual at _____ [place]; or

❑ After making my purpose to deliver the summons and complaint clear, on _____ [date] I left the summons and complaint in the close proximity of the defendant by _____ [describe how the summons and complaint was left] after he/she refused to receive it when I offered it to him/her; or

❑ On _____ [date] I left the summons and complaint with _____, a member of the defendant's family at least 18 years of age, at _____ [address], a place where the defendant resides; or

❑ On _____ [date] I delivered the summons and complaint to _____ [name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of _____ [name of defendant]; or

❑ On _____ [date] at _____ [address], where the defendant maintains and office or other fixed location for the conduct of business, during normal working hours I left the summons and complaint with

_____

[name and job description]; or

❑ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

❑ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

❑ Other [specify]:

_____

❑ I was unable to execute service because:

_____
_____

My fee is $ ____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____        SHERIFF OF _____ COUNTY, ARKANSAS

                             By: _____
                             [Signature of server]


                             _____
                             [Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____        By: _____
                             [Signature of server]


                             _____
                             [Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____


_____
Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2019-Aug-18  11:34:29
60CV-19-5864
C06D06 : 18 Pages

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS

**TWIN BROTHERS, INC.**                                        **PLAINTIFF**

**v.**                          60CV-19_____

**WINDSOR CAPITAL LP;**                                        **DEFENDANT**
**AL RAJABI individually and in**
**his official capacity as General Partner**
**Windsor Capital LP**

---
### COMPLAINT
---

Comes Plaintiff, TWIN BROTHERS INC., by and through its attorneys, the

Hancock Law Firm, and for its Complaint states:

### PARTIES

1. The Plaintiff, Twin Brothers Inc. (hereafter "TB"), is a corporation organized

   under the State of Arkansas, performing work in Pulaski County. At all times

   relevant to this Complaint, Defendant, Windsor Capital L.P. (hereafter

   "Windsor"), has been a limited partnership organized under the State of

   Arkansas, doing business in Pulaski County. J Scott Schallhorn, whose address is

   425 W. Capital, Ste. 1800, Little Rock, AR 72201, is Windsor's registered agent.

2.  Defendant Al Rajabi (hereafter "Rajabi") is a general partner of Windsor Capital L.P.

3.  Upon information and belief, Defendant Al Rajabi is a resident of Bexar County, Texas and regularly does business in Arkansas.

## JURISDICTION AND VENUE

4.  The Plaintiff realleges all preceding paragraphs as if set forth in this section word for word.

5.  The causes of action that gave rise to this Complaint are related to a contract for goods and services that were delivered and performed by Plaintiff, Twin Brothers, Inc., in Pulaski County, Arkansas, namely at a location commonly known as 925 South University Avenue, Little Rock, AR 72204. The contract, and any amendments thereof, were executed by the parties in Pulaski County, Arkansas.

6.  That Jurisdiction and venue are proper with this Court pursuant to Ark. Code Ann. §16-13-201, Ark. Code Ann. §16-60-111, and/or Ark. Code Ann. §16-55-213.

7.  That this is a cause of action for Breach of Contract, and unjust enrichment all of which occurred in Pulaski County, Arkansas.

## FACTS

8.  The Plaintiff realleges all preceding paragraphs as if set forth in this section word

for word.

9. Jose M. Martinez-Zarate serves as the President of Twin Brothers, Incorporated.

10. Defendant Windsor Capital L.P. is a limited partnership which at all times relevant to this cause of action owned a hotel located at 925 S. University Ave., Little Rock, Arkansas (hereafter "Hotel").

11. During all times relevant to this cause of action, Defendant, Al Rajabi, has been a general partner of Windsor Capital LP managing the day to day activities related to the renovation of the hotel.

12. Defendant, Rajabi, sought bids and entered into contracts with contractors and subcontractors to perform remodeling work and improvements to the Hotel.

13. On or about December 03, 2015, TB provided Al Rajabi with a bid for goods and labor related to the skimming and installation of exterior finishing and insulation foam as well as the installation of stone to the exterior of the Hotel. In its bid, TB offered to provide the above stated goods and services for two hundred fifty-four thousand eight hundred ten dollars ($254,810.00). Defendant Al Rajabi accepted the bid and memorialized his acceptance by signing the bid/proposed invoice on December 5, 2015. A copy of the bid is incorporated herein as if stated word for word and attached hereto as *Exhibit "A"*.

14. On or about January 15, 2016, TB submitted a second bid to defendant, Al

Rajabi, for: painting, finishing, and retexturing the ceilings of two hundred thirty-three hotel rooms; and the refinishing of the parapet wall on the roof of the hotel. The quoted costs for the additional goods and services contained in the second bid was one hundred twenty-seven thousand eight hundred fourteen dollars ($127,814.00). Defendant, Al Rajabi, accepted the bid memorializing his acceptance by signing the proposed invoice on January 20, 2016; a copy of the bid is incorporated herein as if stated word for word and attached hereto as *Exhibit "B"*.

15. On or about Feb 2, 2016, TB submitted a third bid to Al Rajabi in response to his request for a quote for: installing carpet and laminate floor in the hotel bedrooms; installing tile or wood flooring to the main entrance of the hotel; to power-washing and painting outside balconies and railings; for extra materials and design add-ons; stucco work; and to texturize hallway ceilings; and to paint the walls and re-texturize ceilings in corridors. The cost for material and labor offered in TB's third bid was one hundred fifty-five thousand eighty-nine dollars ($155,089.00). Defendant, Al Rajabi, accepted the bid; TB began to perform the work. A copy of the Feb 2, 2016 bid is incorporated herein as if stated word by word and attached hereto as *Exhibit "C"* copies of partial payments made by Defendants for this the work performed in accordance with the third bid are

attached hereto as *Exhibit "D"*.

16. On or about June 9, 2016, TB submitted a fourth bid to Al Rajabi in response to
his request for a quote for: work to the sidewalk and curbs around the perimeter
of the hotel. A copy of the invoice for this additional work is incorporated hereto
as if stated word for word and attached as *Exhibit "E"*. A copy of a check for
partial payment for this additional work is attached hereto as *Exhibit "F"*.

17. The parties agreed that TB would receive periodic payments for its work based
on the percentage of the work completed less a ten percent retainage.

18. The parties further agreed that the retainage would be provided to TB along with
final payment for the work upon full completion and inspection on the part of
the defendants.

19. During the course of performing the work, Defendants requested for TB to make
numerous changes to the work. Defendants also requested for TB to perform
additional work. TB and the Defendants negotiated the costs of the added work
and it was added to the periodic payments issued to TB based upon the
percentage of the work performed, less the ten percent retainage.

20. On July 15, 2016 Defendant, Al Rajabi, sent an email to the Plaintiff alleging
deficiencies in part of the work related to the hotel's flooring and stating that he
had decided to hire another company to finish a portion of the flooring work

that TB had been contracted to perform.

21. That the crew that Defendants hired to perform part of the work TB had been hired to perform, namely carpet and flooring work, over-sprayed epoxy causing damage walls.

22. Plaintiff was entitled an opportunity to replace non-conforming goods and cure any defects in workmanship. Despite having plenty of time prior to the Defendant's next inspection, Defendants refused to allow Plaintiff an opportunity to address any issues of non-conformity.

23. On September 1, 2016, Defendant, Al Rajabi, contacted TB to discuss additional items that Defendant wanted TB to perform and schedule the inspection of Plaintiff's work and with the work. Plaintiff performed the remainder of the agreed upon work and additional add-on work that Defendant Rajabi Requested during and after the September meeting.  That Defendants terminated the contract alleging deficiencies in the work but refused to allow Plaintiff an opportunity to inspect or cure the alleged deficiencies.

24. That Defendants refused to make final payment on the retainage owed to Plaintiff.

25. The ten percent retainage withheld by Defendants from payments related to work completed by Plaintiff between December of 2015 and September of 2016 is

$45,481.58.

26. Plaintiff provided Defendants with additional goods and services valued at thirty-six thousand nine hundred thirty-five dollars ($36,935.00) for which Plaintiff has not received any payment.

27. Defendants have refused to pay Plaintiff for the goods and services it has provided them and have refused to turn over the retained percentage corresponding to the work Defendants have inspected and determined to be conforming to the agreement of the parties.

28. The Plaintiff has been damaged.

29. The Plaintiff requests a jury trial.

## COUNT ONE: BREACH OF CONTRACT

30. The Plaintiff realleges all preceding paragraphs as if set forth in this section word for word.

31. That between December 2015 and up to September 2016, Plaintiff was hired by Defendants Al Jarabi and Windsor Capital LP as a subcontractor providing goods and services for renovations and improvements to the Hotel.

32. That Plaintiff and Defendants have privity of contract.

33. That Plaintiff performed the renovation and improvement work by: skimming and installation of exterior finishing and insulation foam as well as the

installation of stone to the exterior of the hotel; painting, finishing, and

retexturing the ceilings of hotel rooms; refinishing of the parapet wall on the roof

of the hotel; installing carpet and laminate floor in the hotel bedrooms; installing

tile or wood flooring to the main entrance of the hotel; power-washing and

painting the outside balconies and railings; providing additional materials

needed for design add-ons; stucco work; texturizing  hallway ceilings; painting

walls and re-texturizing ceilings of corridors; repairing or redesigning the

sidewalk and curbs around the perimeter of the hotel; refinishing the walls and

ceiling of the northern entrance of the hotel; patching holes in corridors; fixing

ceiling cracks; removing and cleaning damage caused by mold; and installing

IEFS bands to cover AVAC pipes.

34. Defendants breached the contract with the Plaintiff, terminating the contract

without allowing defendant an opportunity to cure any alleged defects in

plaintiff's performance of the contract, and refused to turn over the retained-

funds owed to the Plaintiff.

35. That Defendants refused to pay Plaintiff the agreed upon value for the goods

and services provided by the Plaintiff.

36. Defendants failed to and refused to complete the remaining of their contractual

obligations.

37. The Defendants breached of the agreement was willful, intentional and malicious.

38. That Defendants' breach was material in nature. Defendants were not justified in their action and termination of the contract was not in good faith as it denied the Defendant an opportunity to complete the agreed upon work and cure any alleged defects in performance.

39. That Plaintiff is not at fault and has upheld its contractual obligations by carrying out the agreed upon work in a workmanlike manner and by accommodating to Defendants repeated requests for changes and additional work.

40. That Defendants' non-performance injured the Plaintiff.

41. That the Plaintiff has actual damages, consequential damages, expectation damages, and has suffered monetary loses by Defendants' non-performance in an amount to be proven at trial.

42. Pursuant to Ark. Code Ann. §16-22-308, the Plaintiff is entitled to recover his attorneys' fees and costs associated with this cause of action.

## COUNT II: UNJUST ENRICHMENT

43. The Plaintiff realleges all preceding paragraphs as if set forth in this section word for word.

44. That Defendants received a benefit when they accepted and received goods and services from the Plaintiff.

45. Defendants have retained the benefit conferred upon them by Plaintiff's performance; thereby becoming unjustly enriched.

46. That Defendants have an equitable duty to pay the Plaintiff for the injuries they have caused upon it due to their unjust enrichment.

47. That Plaintiff is entitled to a beneficial interest in a constructive trust, and an equitable lien against any monies which the Defendants now possess.

48. That it would be inequitable and unconscionable for the Defendants to continue to enjoy the benefit of the value provided to them by the Plaintiff's performance of the agreement supplying the goods and services as agreed.

49. That Defendants have been unjustly enriched to the detriment of Plaintiff as Defendants have financially gained from the Plaintiff's performance.

## DEMAND FOR JURY TRIAL

50. Plaintiff requests a jury trial.

## PRAYER FOR RELIEF

51. As reflected in Plaintiff's Exhibits, after crediting all payments, setoffs, and credits, the balance due Plaintiff on account from each of the Defendants, jointly and severally, is as follows:

a.  Actual, compensatory, and consequential damages, in the amount of
    $82416.58

b.  pre-judgement interest since September 1, 2016 and costs permitted under
    ARCP 54(d)(2);

c.  post-judgement interest at maximum rate allowed by statute;

d.  its costs, including reasonable attorney's fees; and any other relief that is
    just and proper, even if not specifically stated herein.

WHEREFORE, Plaintiff prays for this Honorable Court to issue a Judgment

against the Defendants as requested herein.

Respectfully Submitted:

By: /s/ Alex R. Burgos
    Alex R. Burgos (AB 2011133)
    Hancock Law Firm
    610 East 6th Street
    Little Rock, Arkansas 72202
    (501) 372-6400
    (501) 372-6401 facsimile
    alexb@hancocklawfirm.com



# invoice

12/03/2015  0001

Twin Brothers INC.  P o Box 242899,
Little Rock Art 72223
Cell. Numb 1501 912 1756
twinbrothersoffice@yahoo.com

Twin Brothers Inc. Subcontractor license # 0194210315
Customer ID [BTA 4341]

Al rajabi
925 S University Ave
little Rock, AR 72204

| Sales person | job | | |
|---|---|---|---|
| Junior Mtz | 925 southuniversity hotel | | |

| Ithem # | QTY | |
|---|---|---|
| | | Scope of wtheork. skim, installation of IEFS & Rock |

Total materials and labor to skim whats old IEFS acoording to blueprints for the total Sum of  $83331.00

Total labor and materials to finish new areas with 11/2" foam (IEFs )  for the total sum of  $114.119.00

Total labor and materoals to install 3000 sqrft of stone fot the amount of $39.000.00
All the above its consider as a turn key

Total materials and labor to add waterproof for the total sum off $18.360.00

New total for the Sum of    $$$$254.810.00
NOTE: drawl's will be made by % of completion of work

Owner signature _____  12/05/15

Contractor signature_____
Twin Brothers INC

For any Questions call Junior Mtz at 1501 912 1756

Thank you for your business, please make the check to Twin Brothers Inc

EXHIBIT A



# Quote

01/15/2016  0002

Twin Brothers INC.  P o Box 242899,
Little Rock Art 72223
Cell. Numb 1501 912 1756
twinbrothersoffice@yahoo.com

Twin Brothers Inc. Subcontractor license # 0194210315
Customer ID [BTA 4341]

Al rajabi
925 S University Ave
little Rock, AR 72204

| Sales person | Job | | |
|---|---|---|---|
| Junior Mtz | 925 southuniversity hotel | | |

| Ithem # | QTY | |
|---|---|---|
| | 1 | Scope of wtheork.  painting, finishing & roffing

Total materials, labor, paint finishing and texture 233 room at $430.00 per room, will include everything but the Paint, primer & paont for ceiling ~~with texture~~, for the total sum off $100.190.00  (AL)    *TB will provide mud/pastic/z e tz*

Total labor and materials to finish the perapet wall on theroof along with all tje metal cup with 24g metal for the total sum of  $$27.624.00  (AL)

Total above for the Sum of    $$$$127.814.00
NOTE: drawl's will be made by % of completion of work

GC.__Owner signature_____    01/20/16

Contractor signature_____
Owner.__J. Matiled Martinez

Formen.__J. Jesús Martinez_____
TWIN BROTHERS INC |

For any Questions call Junior Mtz at 1501 912 1756

Thank you for your business, please make the check to **Twin Brothers Inc**

EXHIBIT B

# Proposal

**02/02/2016  0002**

| | |
|---|---|
| Twin Brothers INC.  P o Box 242899,<br>Little Rock Art 72223<br>Cell. Numb 1501 912 1756<br>twinbrothersoffice@yahoo.com<br><br>Twin Brothers Inc. Subcontractor license # 0194210315<br>Customer ID [BTA 4341] | Al rajabi<br>925 S University Ave<br>little Rock, AR 72204 |

| Sales person | Job | | |
|---|---|---|---|
| Junior Mtz | Carpet, popcorn, balcony painting, extra TPO and Stucco | | |

| Ithem # | QTY | | |
|---|---|---|---|
| | 1 | Scope of wtheork.  Carpet, extra metal and TPO, extra Stucco, popcorn in corridor ceilings and Balcon paint.<br><br>Total extra for the metal and TPO on the front main perapet wall and the 2 end walls wrapping back around the two ands,  $10.000.00<br><br>Total extra materials and labor for IEFS to finish the main perapet wall that you Add on the framing $5.175.00<br><br>Total labor and materials to power wash all Balcon end walls, railing, fence on swimming pool amd rail on the kitchen dinning Balcon, to be sand for to be painted, cover the drain pipe for all AC unites with IEFS,  for the total of $15.000.00<br><br>Total labor to install Carpet every were and Laminate floor in bedrooms, any tiles or woodfloor in main Entrance, execpt public Restrooms $75.000.00<br><br>Total materials and Labor to redo the popcorn in all corridors as well painting all walls that have paint in corridosrs, execpt paint and primer fotthe total of $49.914.00<br><br>Total above for the Sum of   $$$$155.089.00<br>NOTE: drawl's will be made by % of completion of work<br><br><br>GC.__Owner signature_____<br><br>Contractor signature_____<br>Owner.__J. Matiled Martinez<br><br>Formen.__J. Jesús Martinez_____<br>TWIN BROTHERS INC                    EXHIBIT C | | |

| | | | | |
|---|---|---|---|---|
| | | | | |
| | | | | |

For any Questions call Junior Mtz at 1501 912 1756

Thank you for your business, please make the check to **Twin Brothers Inc**



**Capture Date: 05/13/2016 Sequence #: 5982751145**



No Electronic Endorsements Found

EXHIBIT D

# invoce

**06/09/ 2016  00003**

Twin Brothers INC.  P o Box 242899,
        Little Rock Art 72223
        Cell. Numb 1501 912 1756
        twinbrothersoffice@yahoo.com

Twin Brothers Inc. Subcontractor license # 0194210315
                Customer ID [BTA 4341]

Al rajabi
925 S University Ave
little Rock, AR 72204

| Sales person | job | | |
|---|---|---|---|
| Junior Mtz | 925 southuniversity hotel  rivice | | |

| Ithem # | QTY | | |
|---|---|---|---|
| | | Scope of wtheork.  fixing up sidewalks and curbs | |
| | 1 | Total labor and materials to redo the curb around the Cnapy  as well moving out the flags, braking curb and fixing it back up were sprinkler is lacking, 75 lineal ft of new curb on the north side , fixing up to side walk all the way around the perimeter off the hotel, fixing curb in the south east entrance and two other spots on the south by the street,  for the total  of $15.000.00 <br><br> Total labor to grind the concrete on the main entrance the new section, and to grind the concrete concrete in the basement by the pool under the dining area where is l painted for the total sum of $1,800 , no stain or sealer is included <br><br> Total above for the Sum of    $$16.800.00 <br><br> GC.__Owner signature_____ <br><br> Contractor signature_____ <br>Owner.__J. Matiled Martinez <br><br> Formen.__J. Jesús Martinez_____ <br>TWIN BROTHERS INC | |

For any Questions call Junior Mtz at 1501 912 1756

Thank you for your business, please make the check to mtz brotnres / twin Brothers Inc

EXHIBIT E



**Capture Date: 06/23/2016 Sequence #: 6282116718**



No Electronic Endorsements Found

EXHIBIT F

**COVER SHEET**
**STATE OF ARKANSAS**
**CIRCUIT COURT: CIVIL**

ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2019-Aug-18 11:34:29
60CV-19-5864
C06D06 : 1 Page

The civil reporting form and the information contained herein shall not be admissible as evidence in any court proceeding or replace or supplement the filing and service of pleadings, orders, or other papers as required by law or Supreme Court Rule. This form is required pursuant to Administrative Order Number 8. Instructions are available at https://courts.arkansas.gov.

**County:** PULASKI          **District:** _____     **Filing Date:** _____
**Judge:** _____     **Division:** _____     **Case ID:** _____

**Type of case (select one that best describes the subject matter)**

**Torts**
☐ (NM) Automobile
☐ (IT) Intentional
☐ (MP) Malpractice – Medical
☐ (MO) Malpractice – Other
☐ (LP) Premises – Liability
☐ (PL) Product Liability
☐ (DF) Slander/Libel/
   Defamation
☐ (OD) Torts – Other
**Contracts**
☐ (BP) Buyer Plaintiff
☐ (EM) Employment Discrimination
☐ (EO) Employment – Other
☐ (DO) Seller Plaintiff (Debt Collection)
■ (OC) Contract – Other

**Real Property**
☐ (CD) Condemnation/Eminent
   Domain
☐ (UD) Landlord/Tenant
   Unlawful Detainer
☐ (UO) Landlord/Tenant –
   Other
☐ (FC) Mortgage Foreclosure
☐ (QT) Real Property – Other

**Miscellaneous Civil**
☐ (AP) Administrative Appeal
☐ (EL) Election
☐ (FV) Foreign Judgment – Civil
☐ (FR) Fraud
☐ (IJ) Injunction
☐ (CF) Property Forfeiture
☐ (RF) Register Arkansas
   Judgment
☐ (WT) Writ - Other
☐ (OM) Civil – Other

| Plaintiff | | Defendant | |
|---|---|---|---|
| **Company/ Last Name** | Twin Brothers Inc. | **Company/ Last Name** | Windsor Capital LP |
| Suffix | | Suffix | |
| **First Name** | | **First Name** | |
| DL/State ID | | DL/State ID | |
| Address | PO BOX 242899 | Address | 239 CENTRAL AVE |
| City, State ZIP | LITTLE ROCK, AR 72223 | City, State ZIP | HOT SPRINGS AR 71901 |
| Phone | | Phone | |
| Email | | Email | |
| Self-represented | ☐ Yes      ☐ No | Self-represented | ☐ Yes      ☐ No |
| DOB | | DOB | |
| Interpreter needed? | ☐ Yes: _____ ☐ No   (language) | Interpreter needed? | ☐ Yes: _____ ☐ No   (language) |

**Attorney of Record:** ALEX R BURGOS _____     **Bar #:** 2011133 _____
For the: ■ Plaintiff      ☐ Defendant      ☐ Intervenor     **Email Address:** alexb@hancocklawfirm.com
**Related Case(s):** Judge: _____          Case ID(s): _____
**Manner of filing (choose one):** _      ☐ (MFO) Original          ☐ (MFR+case type) Re-open
   ☐ (MFT) Transfer          ☐ (MFF) Reactivate

6/1/2017

**IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS**
**HON. TIM FOX - 6TH DIVISION PULASKI CIRCUIT COURT**

TWIN BROTHERS INC V WINDSOR CAPITAL LP ET AL

60CV-19-5864

**SUMMONS**

**THE STATE OF ARKANSAS TO DEFENDANT:**

AL RAJABI
239 CENTRAL AVENUE
HOT SPRINGS, AR  71901

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint.  Within 30 days after service of this summons on you (not counting the day you received it) - or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas - you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are:

Alex Burgos
610 E. 6th St.
Little Rock, AR  72202

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

Additional notices:

Address of Clerks Office

CLERK OF COURT

TERRI HOLLINGSWORTH, CIRCUIT CLERK
CIRCUIT COURT OF PULASKI COUNTY
401 W. MARKHAM
LITTLE ROCK, AR  72201

Crystal Hill, DC

Date: 08/19/2019

No. 60CV-19-5864 This summons is for AL RAJABI (name of Defendant).

## PROOF OF SERVICE

❑ On _____ [date] I personally delivered the summons and complaint to the individual at _____ [place]; or

❑ After making my purpose to deliver the summons and complaint clear, on _____ [date] I left the summons and complaint in the close proximity of the defendant by _____ [describe how the summons and complaint was left] after he/she refused to receive it when I offered it to him/her; or

❑ On _____ [date] I left the summons and complaint with _____, a member of the defendant's family at least 18 years of age, at _____ [address], a place where the defendant resides; or

❑ On _____ [date] I delivered the summons and complaint to _____ [name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of _____ [name of defendant]; or

❑ On _____ [date] at _____ [address], where the defendant maintains and office or other fixed location for the conduct of business, during normal working hours I left the summons and complaint with
_____

[name and job description]; or

❑ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

❑ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

❑ Other [specify]:
_____

❑ I was unable to execute service because:
_____
_____

My fee is $ ____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____          SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____          By: _____
[Signature of server]

_____
[Printed name]

Address: _____
_____

Phone: _____

Subscribed and sworn to before me this date: _____

_____
Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2019-Dec-13 11:20:46
60CV-19-5864
C06D06 : 2 Pages

No. 60CV-19-5864 This summons is for AL RAJABI (name of Defendant).

## PROOF OF SERVICE

☑ On November 19, 2019 [date] I personally delivered the summons and complaint to the individual at 239 Central Ave Hot Springs AR [place]; or

☐ After making my purpose to deliver the summons and complaint clear, on _____ [date] I left the summons and complaint in the close proximity of the defendant by _____ [describe how the summons and complaint was left] after he/she refused to receive it when I offered it to him/her; or

☐ On _____ [date] I left the summons and complaint with _____, a member of the defendant's family at least 18 years of age, at _____ [address], a place where the defendant resides; or

☐ On _____ [date] I delivered the summons and complaint to _____ [name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of _____ [name of defendant]; or

☐ On _____ [date] at _____ [address], where the defendant maintains and office or other fixed location for the conduct of business, during normal working hours I left the summons and complaint with _____

[name and job description]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____

My fee is $65.00.

60CV-19-5864

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____          SHERIFF OF _____ COUNTY, ARKANSAS

                             By: _____
                             [Signature of server]

                             _____
                             [Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: 11/20/2019      By: Jacki Dorrell
                      [Signature of server]

                      Jackie Dorrell
                      [Printed name]

Address: PO Box 3884 Hot Springs AR
_____

Phone: 501 276 3393 _____

Subscribed and sworn to before me this date: 11/20/19

                      _____
                      Notary Public

My commission expires: 3/30/2022

```
JEFFREY HUTZEL
MY COMMISSION # 12386974
EXPIRES: March 30, 2022
Garland County
```

Additional information regarding service or attempted service:
Personally Served AL Rajabi on 11/19/2019 @ 4:30 pm at
239 Central Ave Hot Springs, AR (Arlington Hotel)

ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2019-Dec-13  11:24:15
60CV-19-5864
C06D06 : 3 Pages

**IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS**
**HON. TIM FOX - 6TH DIVISION PULASKI CIRCUIT COURT**

TWIN BROTHERS INC V WINDSOR CAPITAL LP ET AL

60CV-19-5864

**SUMMONS**

**THE STATE OF ARKANSAS TO DEFENDANT:**

WINDSOR CAPITAL LP
425 W CAPITOL, STE 1800
LITTEL ROCK, AR  72201

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint.  Within 30 days after service of this summons on you (not counting the day you received it) - or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas - you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are:

Alex Burgos
610 E. 6th St.
Little Rock, AR  72202

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

Additional notices:

Address of Clerks Office

TERRI HOLLINGSWORTH, CIRCUIT CLERK
CIRCUIT COURT OF PULASKI COUNTY
401 W. MARKHAM
LITTLE ROCK, AR  72201

CLERK OF COURT

Crystal Hill, DC

Date: 08/19/2019

[SEAL]
*No. 60CV-19-5864 This summons is for WINDSOR CAPITAL LP*

### PROOF OF SERVICE

☐ On _____ [date] I personally delivered the summons and complaint to the defendant at _____ [place]; or

☐ After making my purpose to deliver the summons and complaint clear, on _____ [date] I left the summons and complaint in the close proximity of the defendant by _____ [describe how the summons and complaint was left] after he/she refused to receive it when I offered it to him/her; or

☐ On _____ [date] I left the summons and complaint with _____, a member of the defendant's family at least 18 years of age, at _____ [address], a place where the defendant resides; or

☐ On *12-11-19 at* 2:44Pm [date] I delivered the summons and complaint to *J. Scott Schallhorn* [name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of *Windsor Capital, LP* [name of defendant]; or

☐ On _____ [date] at _____ [address], where the defendant maintains an office or other fixed location for the conduct of business, during normal working hours I left the summons and complaint with

_____

[name and job description]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in a lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff or attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]:

☐ I was unable to execute service because:

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____          SHERIFF OF _____ COUNTY, ARKANSAS

                              By: _____
                              [Signature of server]


                              _____
                              [Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: *12-11-2019*          By: _____
                              [Signature of server]


                              *John A. Burns*
                              [Printed name]

Address: *1519 Ellen Court*
         *Little Rock, AR 72212*

Phone: *501-960-7414*

Subscribed and sworn to before me this date: *12-11-2019*

                    *Jamie B Pierce*
                    Notary Public

                              ┌─────────────────────────────┐
                              │    JAME B PIERCE             │
                              │    NOTARY PUBLIC            │
                              │ PULASKI COUNTY, ARKANSAS    │
                              │   COMM. EXP. 2-9-2028       │
                              │ COMMISSION NO. 12703273     │
                              └─────────────────────────────┘

My commission expires: *2-9-2028*

Additional information regarding service or attempted service:
*Service was made at Mitchell Williams Law Firm at 425 W.*
*Capitol Ave, Suite 1800, Little Rock, AR 72201.*

ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2019-Dec-19 09:02:37
60CV-19-5864
C06D06 : 2 Pages

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
## SIXTH DIVISION

**TWIN BROTHERS, INC.**                                         **PLAINTIFF**

### No. 60CV-19-5864

v.

**WINDSOR CAPITAL LP;**                                         **DEFENDANTS**
**AL RAJABI individually and in**
**his official capacity as General Partner**
**Windsor Capital LP**

### ENTRY OF APPEARANCE AND REQUEST FOR NOTICE

Peter R. Shults hereby enters his appearance as counsel of record for defendant Al Rajabi

in this action and requests that copies of all orders, notices, pleadings, and other papers in this case

be served on him by email.

DATED: December 19, 2019.

SHULTS & ADAMS LLP
200 West Capitol Avenue, Suite 1600
Little Rock, AR 72201-3621
Telephone: (501) 375-2301
Facsimile: (501) 375-6861

By: */s/ Peter R. Shults*
Peter R. Shults
Ark. Bar No. 2019021
pshults@shultslaw.com

*Attorneys for Defendant Al Rajabi*

## CERTIFICATE OF SERVICE

I certify that on December 19, 2019, I filed this Entry of Appearance and Request for Notice with the Clerk of the Pulaski County Circuit Court using the electronic filing system, which shall send notification to all counsel of record.

/s/ *Peter R. Shults*
Peter R. Shults

2

ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2019-Dec-19  08:57:08
60CV-19-5864
C06D06 : 2 Pages

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
## SIXTH DIVISION

**TWIN BROTHERS, INC.**                                      **PLAINTIFF**

**No. 60CV-19-5864**

**v.**

**WINDSOR CAPITAL LP;**                                      **DEFENDANTS**
**AL RAJABI individually and in**
**his official capacity as General Partner**
**Windsor Capital LP**

## ENTRY OF APPEARANCE AND REQUEST FOR NOTICE

Steven Shults hereby enters his appearance as counsel of record for defendant Al Rajabi in

this action and requests that copies of all orders, notices, pleadings, and other papers in this case

be served on him by email.

DATED: December 19, 2019.

                    SHULTS & ADAMS LLP
                    200 West Capitol Avenue, Suite 1600
                    Little Rock, AR 72201-3621
                    Telephone: (501) 375-2301
                    Facsimile: (501) 375-6861

                    By: /s/ *Steven Shults*
                        Steven Shults
                        Ark. Bar No. 78139
                        sshults@shultslaw.com

                    *Attorneys for Defendant Al Rajabi*

## CERTIFICATE OF SERVICE

I certify that, on December 19, 2019, I filed this Entry of Appearance and Request for Notice with the Clerk of the Pulaski County Circuit Court using the electronic filing system, which shall send notification to all counsel of record.

/s/ *Steven Shults*_____
Steven Shults

2

ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2019-Dec-19 15:57:36
60CV-19-5864
C06D06 : 6 Pages

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
## SIXTH DIVISION

**TWIN BROTHERS, INC.**                                                **PLAINTIFF**

      **v.**                                   **No. 60CV-19-5864**

**WINDSOR CAPITAL LP;**                                                **DEFENDANTS**
**AL RAJABI individually and in**
**his official capacity as General Partner**
**Windsor Capital LP**

### ANSWER OF AL RAJABI

     For his answer to the complaint of Twin Brothers, Inc. ("Twin Brothers"), defendant Al

Rajabi ("Rajabi"):

    1.    Admits the allegations in paragraph 1.

    2.    Denies the allegation in paragraph 2.

    3.    Admits that Rajabi is a resident of Bexar County, Texas.  Denies that Rajabi

regularly does business in Arkansas.  States that any business activity by Rajabi in Arkansas has

been and is on behalf of certain business entities.

    4.    Realleges Rajabi's responses above.

    5.    Admits that plaintiff's claims in this case are based on allegations that it delivered

goods and performed services in Pulaski County, Arkansas, at 925 South University Avenue, Little

Rock, AR 72204.  Denies the remaining allegations in paragraph 5 as to Rajabi.

    6.    States that the statutes cited by Twin Brothers in paragraph 6 speak for themselves.

Denies that this Court has jurisdiction over Rajabi.

    7.    Admits that plaintiff's claims are for breach of contract and unjust enrichment.

Denies that Rajabi breached any contract with Twin Brothers or was unjustly enriched.

8.      Realleges Rajabi's responses above.

9.      States that he is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9.

10.     Admits the allegations in paragraph 10.

11.     Denies that Rajabi is a general partner of Windsor Capital, L.P. Admits that Rajabi managed activities related to the renovation of the hotel located at 925 South University Avenue, Little Rock, Arkansas, on behalf of Windsor Capital, L.P.

12.     Denies the allegations in paragraph 12.

13.     Denies the allegations in paragraph 13.

14.     Denies the allegations in paragraph 14.

15.     Admits that Exhibit D is a copy of a check from Windsor Capital, L.P., to Twin Brothers. Denies the remaining allegations in paragraph 15.

16.     Admits that Exhibit F is a copy of a check from Windsor Capital, L.P., to Twin Brothers. Denies the remaining allegations in paragraph 16.

17.     Denies the allegations in paragraph 17 as to Rajabi.

18.     Denies the allegations in paragraph 18 as to Rajabi.

19.     Denies the allegations in paragraph 19.

20.     Admits that Rajabi sent an email to Twin Brothers on July 15, 2016. States that the email speaks for itself. Denies any remaining allegations in paragraph 20.

21.     Denies the allegations in paragraph 21.

22.     Denies the allegations in paragraph 22.

23.     Denies the allegations in paragraph 23.

24.     Denies the allegations in paragraph 24 as to Rajabi.

2

25.     Denies the allegations in paragraph 25 as to Rajabi.

26.     Denies the allegations in paragraph 26.

27.     Denies the allegations in paragraph 27.

28.     Denies the allegation in paragraph 28.

29.     The allegation in paragraph 29 does not require a response.

30.     Realleges Rajabi's responses above.

31.     Denies the allegations in paragraph 31.

32.     Denies the allegation in paragraph 32 as to Rajabi.

33.     Denies the allegations in paragraph 33.

34.     Denies the allegations in paragraph 34.

35.     Denies the allegations in paragraph 35.

36.     Denies the allegations in paragraph 36.

37.     Denies the allegations in paragraph 37.

38.     Denies the allegations in paragraph 38.

39.     Denies the allegations in paragraph 39.

40.     Denies the allegation in paragraph 40.

41.     Denies the allegations in paragraph 41.

42.     Denies the allegation in paragraph 42.

43.     Realleges Rajabi's responses above.

44.     Denies the allegations in paragraph 44.

45.     Denies the allegations in paragraph 45.

46.     Denies the allegations in paragraph 46.

47.     Denies the allegations in paragraph 47.

48.     Denies the allegations in paragraph 48.

49.     Denies the allegations in paragraph 49.

50.     The request in paragraph 50 does not require a response.

51.     Denies the allegations in paragraph 51.

52.     Denies all allegations in the complaint not specifically admitted in this answer.

## AFFIRMATIVE DEFENSES

53.     This Court does not have personal jurisdiction over Rajabi in this action.

54.     Any termination of any alleged contract is excused by Twin Brothers' material breaches.

55.     Any claim based on an alleged oral or unsigned contract is precluded by the statute of limitations and the statute of frauds.

## PRAYER FOR RELIEF

WHEREFORE, defendant Al Rajabi prays that the Court:

A.     Dismiss plaintiff's claims against Rajabi with prejudice;

B.     Award Rajabi attorneys' fees, costs, and expenses;

C.     Grant Rajabi all other proper relief; and

D.     Grant judgment in favor of Rajabi.


DATED: December 19, 2019.

                                        Respectfully submitted,


                                        */s/ Peter R. Shults*
                                        Peter R. Shults (Ark. Bar. No. 2019021)
                                        Steven Shults (Ark. Bar No. 78139)
                                        SHULTS & ADAMS LLP
                                        200 West Capitol Avenue, Suite 1600
                                        Little Rock, AR 72201-3621

                                        4

Telephone: (501) 375-2301
Facsimile: (501) 375-6861
pshults@shultslaw.com
sshults@shultslaw.com

*Attorneys for Defendant Al Rajabi*

## CERTIFICATE OF SERVICE

I certify that, on December 19, 2019, I filed this document using the electronic filing system, which shall send notification to all counsel of record.

I also certify that, on December 19, 2019, a true and correct copy of this document was served via first-class U.S. mail on the registered agent for defendant Windsor Capital, L.P.:

J. Scott Schallhorn
425 W. Capitol Avenue, Suite 1800
Little Rock, AR 72201.

*/s/ Peter R. Shults*
Peter R. Shults

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

TWIN BROTHERS, INC.                                                    PLAINTIFF

V.                                    Case No. _____

WINDSOR CAPITAL LP;
AL RAJABI individually and in
his official capacity as General Partner
of Windsor Capital LP                                              DEFENDANTS

## ANSWER OF SEPARATE DEFENDANT,
## WINDSOR CAPITAL LP, TO PLAINTIFF'S COMPLAINT

Comes separate defendant, Windsor Capital LP ("Windsor"), and for its answer to the complaint of plaintiff, states:

1.     It admits the allegations of paragraph 1 of plaintiff's complaint.

2.     It denies the allegations of paragraph 2 of plaintiff's complaint.

3.     It admits that co-defendant is a resident of Texas.  It is without sufficient information to admit or deny the remaining allegations of paragraph 3 of plaintiff's complaint and, therefore, denies same.

4.     Paragraph 4 of plaintiff's complaint merely attempts to incorporate prior allegations.  In a similar manner, separate defendant adopts and incorporates herein all prior denials and defenses.

5.     It admits that plaintiff alleges delivery of goods and services in Little Rock. It denies the remaining allegations of paragraph 5 of plaintiff's complaint as written.

6.     It denies that jurisdiction and venue are proper as set forth in paragraph 6 of plaintiff's complaint.

SUPPLYJUSTICE.COM

**EXHIBIT**

B

7.      It denies the allegations of paragraph 7 of plaintiff's complaint.

8.      Paragraph 8 of plaintiff's complaint merely attempts to incorporate prior allegations. In a similar manner, separate defendant adopts and incorporates herein all prior denials and defenses.

9.      It is without sufficient information to admit or deny the allegations of paragraph 9 of plaintiff's complaint and, therefore, denies same.

10.     It admits the allegations of paragraph 10 of plaintiff's complaint.

11.     It denies that Al Rajabi is a general partner of Windsor Capital LP. It admits that Al Rajabi managed renovation of the hotel located at 925 South University Avenue in Little Rock, Arkansas. It denies the remaining allegations of paragraph 11 of plaintiff's complaint as written.

12.     It is without sufficient information to admit or deny the allegations of paragraph 12 of plaintiff's complaint and, therefore, denies same.

13.     It denies the allegations of paragraph 13 of plaintiff's complaint.

14.     It denies the allegations of paragraph 14 of plaintiff's complaint.

15.     It admits that Exhibit "D" is a check issued to plaintiff. It denies the remaining allegations of paragraph 15.

16.     It admits that Exhibit "F" is a check issued to Twin Brothers. It denies the remaining allegations of paragraph 16.

17.     It denies the allegations of paragraph 17 of plaintiff's complaint as written.

18.     It denies the allegations of paragraph 18 of plaintiff's complaint as written.

19.     It denies the allegations of paragraph 19 of plaintiff's complaint as written.

20. It is without sufficient information to admit or deny the allegations of paragraph 20 of plaintiff's complaint and, therefore, denies same.

21. It denies the allegations of paragraph 21 of plaintiff's complaint as written.

22. It denies the allegations of paragraph 22 of plaintiff's complaint as written.

23. It denies the allegations of paragraph 23 of plaintiff's complaint as written.

24. It denies the allegations of paragraph 24 of plaintiff's complaint as written.

25. It denies the allegations of paragraph 25 of plaintiff's complaint.

26. It denies the allegations of paragraph 26 of plaintiff's complaint.

27. It denies the allegations of paragraph 27 of plaintiff's complaint as written.

28. It denies the allegations of paragraph 28 of plaintiff's complaint.

29. It joins in plaintiff's request for a jury trial as set forth in paragraph 29 of plaintiff's complaint.

30. Paragraph 30 of plaintiff's complaint merely attempts to incorporate prior allegations. In a similar manner, separate defendant adopts and incorporates herein all prior denials and defenses.

31. It denies the allegations of paragraph 31 of plaintiff's complaint as written.

32. It denies the allegations of paragraph 32 of plaintiff's complaint as written.

33. It denies the allegations of paragraph 33 of plaintiff's complaint.

34. It denies the allegations of paragraph 34 of plaintiff's complaint as written.

35. It denies the allegations of paragraph 35 of plaintiff's complaint as written.

36. It denies the allegations of paragraph 36 of plaintiff's complaint.

37. It denies the allegations of paragraph 37 of plaintiff's complaint.

38. It denies the allegations of paragraph 38 of plaintiff's complaint.

3

39.   It denies the allegations of paragraph 39 of plaintiff's complaint.

40.   It denies the allegations of paragraph 40 of plaintiff's complaint.

41.   It denies the allegations of paragraph 41 of plaintiff's complaint.

42.   It denies the allegations of paragraph 42 of plaintiff's complaint.

43.   Paragraph 43 of plaintiff's complaint merely attempts to incorporate prior allegations. In a similar manner, separate defendant adopts and incorporates herein all prior denials and defenses.

44.   It denies the allegations of paragraph 44 of plaintiff's complaint as written.

45.   It denies the allegations of paragraph 45 of plaintiff's complaint.

46.   It denies the allegations of paragraph 46 of plaintiff's complaint.

47.   It denies the allegations of paragraph 47 of plaintiff's complaint.

48.   It denies the allegations of paragraph 48 of plaintiff's complaint.

49.   It denies the allegations of paragraph 49 of plaintiff's complaint.

50.   It joins in plaintiff's request for a jury trial as set forth in paragraph 50 of plaintiff's complaint.

51.   It denies the allegations of paragraph 51 of plaintiff's complaint, including subparagraphs a) through d).

52.   Separate defendant denies all allegations, averments, and requests for relief set forth in the "WHEREFORE" clause of plaintiff's complaint.

53.   Separate defendant denies all allegations of plaintiff's complaint not specifically admitted herein.

54.   Pleading affirmatively, separate defendant plead all affirmative defenses as set forth under Rule 12(b) of the Federal Rules of Civil Procedure, including:

4

a.  lack of jurisdiction over the subject matter – Rule12(b)(1);

b.  lack of jurisdiction over the person – Rule 12(b)(2);

c.  improper venue – Rule 12(b)(3);

d.  failure to state facts upon which relief can be granted – Rule 12(b)(6);

e.  failure to join a party under Rule 19 – Rule 12(b)(7); and

f.  pendency of another action between the same parties arising out of the
same transaction or occurrence – Rule 12(b)(8).

55.    Pleading affirmatively, any termination of any alleged contract is excused
by Twin Brothers' material breaches.

56.    Pleading affirmatively, any claim based on an alleged oral or unsigned
contract is precluded by the statute of limitations and the statute of frauds.

57.    Pleading affirmatively, any damages sustained by plaintiff, if any, were
caused by its own acts or omissions or the acts or omissions of third parties or non-
parties for which this defendant is not responsible.

58.    Pleading affirmatively, plaintiff has failed to mitigate damages.

59.    Separate defendant reserves the right to amend this answer and plead
further, as discovery is ongoing.

WHEREFORE, separate defendant, Windsor Capital LP, prays that plaintiff's
complaint be dismissed with prejudice; that plaintiff take nothing in this action; that
separate defendant recover costs, attorney's fees, and expenses; and for all other just
and proper relief to which it may be entitled.

Respectfully submitted,

**ANDERSON, MURPHY & HOPKINS, L.L.P.**
400 West Capitol Avenue, Suite 2400
Little Rock, Arkansas 72201
Phone:    501-372-1887
Fax:     501-372-7706
Email:    campbell@amhfirm.com

By:_____
      JASON J. CAMPBELL
      BAR NO. 2001119

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served by email and U.S. mail this 6th day of January, 2020, to:

Mr. Alex R. Burgos
Hancock Law Firm
610 East 6th Street
Little Rock, Arkansas 72202

Mr. Peter R. Shults
Mr. Steven Shults
Shults & Adams, LLP
200 West Capitol Avenue, Suite 1600
Little Rock, Arkansas 72201-3621

_____
      JASON J. CAMPBELL